IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER,<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, in their Official and Individual capacities; SCOTT FRAKES, in their Official and Individual capacities;  DR. DEOL, in their Official and Individual capacities;  WARDEN WASAMER, in their Official and Individual capacities;  WARDEN GABLE, in their Official and Individual capacities; CRUNSHANK, A.W., in their Official and Individual capacities; KEVIN WILKEN, P.L.I.O, in their Official and Individual capacities; SARA ALLEN, D.O.N., in their Official and Individual capacities; OLTROGGE, U.M., in their Official and Individual capacities;  DOMINO, U.M., in their Official and Individual capacities; SCHULTS, C.O., in their Official and Individual capacities;  DE LOS SANTOS, C.O., in their Official and Individual capacities; and  UNKNOWN POLICY WRITERS, in their Official and Individual capacities;<br><br>Defendants. | **8:23CV187**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 1, Motion for Summons, Filing No. 4, and Motion to Appoint

Counsel, Filing No. 5. The Court has received a certified copy of Plaintiff's trust account information. Filing No. 3. Plaintiff is permitted to proceed IFP. However, Plaintiff's Motion for Summons and Motion to Appoint Counsel shall be denied without prejudice.

## I.  IFP

Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the Court finds the initial partial filing fee is $4.00, based on average monthly deposits in the amount of $20.00. Plaintiff must pay this initial partial filing fee within 30 days, or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of

the Court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See *In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II. Summons

Plaintiff's motion for summons, Filing No. 4, is premature as the initial partial filing fee in this case has not yet been paid and as the Court has not yet performed an initial review of the Complaint. See *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in *in forma pauperis* prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b)." (citation omitted)). As the Court has not yet performed an initial review to determine whether this matter may proceed to service of process, the motion for summons shall be denied without prejudice.

## III. Appoint Counsel

Plaintiff seeks appointment of counsel arguing that appointment is appropriate as he has been unable to secure private counsel due to his inability to pay or on a pro bono basis, that due to his incarceration he has limited access to the law library, he has severe physical disabilities including no fingers and a right leg amputation which hinder his ability

3

to litigate this matter, and that the issues in this case are complex. Filing No. 5 at 1. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as at this early stage of litigation, Plaintiff appears able to adequately present his claims. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 1 is granted.

2. Plaintiff must pay an initial partial filing fee of $4.00 within 30 days, unless the Court extends the time in which he has to pay in response to a written motion.

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

4. The Clerk's Office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **June 23, 2023**: initial partial filing fee payment due.

6. Plaintiff's motion for summons, Filing No. 4, is denied without prejudice as premature.

7. Plaintiff's motion to appoint counsel, Filing No. 5, is denied without prejudice to reassertion.

8. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 24th day of May, 2023.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Court