IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LUKE LEFEVER,

Plaintiff,

vs.

NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES, in their
Official and Individual capacities; SCOTT
FRAKES, in their Official and Individual
capacities;  DR. DEOL, in their Official and
Individual capacities;  WARDEN
WASAMER, in their Official and Individual
capacities;  WARDEN GABLE, in their
Official and Individual capacities;
CRUNSHANK, A.W., in their Official and
Individual capacities; KEVIN WILKEN,
P.L.I.O, in their Official and Individual
capacities; SARA ALLEN, D.O.N., in their
Official and Individual capacities;
OLTROGGE, U.M., in their Official and
Individual capacities;  DOMINO, U.M., in
their Official and Individual capacities;
SCHULTS, C.O., in their Official and
Individual capacities;  DE LOS SANTOS,
C.O., in their Official and Individual
capacities; and  UNKNOWN POLICY
WRITERS, in their Official and Individual
capacities;

Defendants.

8:23CV187

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to amend his

Complaint, Filing No. 12, motion to add parties, Filing No. 14, motion for temporary

restraining order, Filing No. 15, and motion for reconsideration of this Court's prior denial of his motion to appoint counsel, Filing No. 18.  For the reasons set forth below Plaintiff's motion to amend shall be granted, and all remaining motions shall be denied.

### I. Motion to Amend and Motion to Add Parties

Plaintiff seeks leave to amend his Complaint, Filing No. 12, and filed an attached proposed, unsigned amended complaint (the "Amended Complaint"), Filing No. 13.  As the Amended Complaint Plaintiff is unsigned, Plaintiff's motion is granted.  Plaintiff shall file a signed copy of the Amended Complaint as required by NECivR 15.1(c) within 30 days.

Plaintiff also concurrently filed a motion to add parties, apparently seeking to add a list of additional parties as defendants in their official and individual capacities to his case. Filing No. 14.  It appears, however, that the additional parties listed in the motion to add parties are already named in both the caption and listing of defendants in Plaintiff's Amended Complaint.  *Compare* Filing No. 13 at 1–3 *with* Filing No. 14.  Therefore, the motion to add additional parties is both unnecessary, as the addition of parties to an action should be done by amending the complaint, not by separate motion, and redundant, as the additional parties appear to be named in the Amended Complaint, and will be denied as moot.

Accordingly, Plaintiff's motion to amend, Filing No. 12, shall be granted, and the motion to add parties, Filing No. 14, shall be denied as moot.[1]

---

[1] To the extent Plaintiff seeks to name additional parties and/or bring additional claims not currently set forth in the Amended Complaint he may seek further leave to amend via separate motion.

## II.  Motion for Temporary Restraining Order

Plaintiff filed a motion for temporary restraining order ("TRO"), seeking a TRO and preliminary injunction, enjoining all defendants named in his Proposed Amended Complaint from further "unconstitutional treatment and conditions" performed in retaliation due to his filing a complaint in this Court.  Filing No. 15.

Preliminary injunctive relief is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Reviewing Courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987).  "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24.  To obtain a preliminary injunction, a plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Id.* at 20.

Here, Plaintiff's Motion fails as he has not established any of the elements that would warrant preliminary injunctive relief.  Additionally, this Court has not yet determined if this matter may proceed to service of process and review of Plaintiff's Proposed Amended Complaint cannot be performed until it has been signed, rendering the motion premature.  For these reasons the Court will, therefore, deny Plaintiff's Motion for a temporary restraining order and preliminary injunction, Filing No. 15, without prejudice to reassertion.

3

### III. Motion to Reconsider Appointment of Counsel

Plaintiff previously filed a motion to appoint counsel, Filing No. 5, which was denied without prejudice by this Court, Filing No. 11.  He now seeks reconsideration of that order arguing counsel is necessary due to the large number of defendants and claims, the varied location where the claims took place, his lack of access to any defendants, Plaintiff's disabilities including his lack of fingers and having only one leg, and his incarcerated status generally which will make discovery difficult and limits his access to the law library and research materials.  Filing No. 18.

As an initial matter, Plaintiff has not indicated what Federal Rule of Civil Procedure he is relying on in bringing his motion for reconsideration.  *See Id.*  "The Eighth Circuit has traditionally instructed courts to consider such motions either under Rule 59 or Rule 60(b)."  *Moberly v. Midcontinent Commc'n*, No. 4:08-CV-04120-KES, 2010 WL 11681663, at *1 (D.S.D. Aug. 2, 2010).  "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence."  *Innovative Home Health Care, Inc. v. P.T-O.T Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal punctuation and citations omitted).  The Eighth Circuit has held that motions for reconsideration "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced."  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotations omitted).  "Such motions cannot be used to introduce new evidence, tender legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  As the information conveyed in Plaintiff's motion for reconsideration is not new as it either was or could have been expressed in his original

4

motion for appointment of counsel, to the extent his motion for reconsideration is brought under Rule 59(e), it is therefore denied.

Just like Rule 59(e) motions, Rule 60(b) motions cannot be used "to 'tender new legal theories'" or to reargue "'on the merits.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman*, 839 F.2d at 414) (first quoted material); *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (second quoted material).  The only potentially applicable circumstance here is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  To obtain relief under Rule 60(b)(6), Plaintiff must show that "exceptional circumstances . . . denied the moving party a full and fair opportunity to litigate his claim and . . . prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted).

As previously noted, "[r]elevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Filing No. 11 at 4 (citing *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996))).  When considering Plaintiff's prior motion for counsel this Court carefully reviewed the record and found "there is no need for the appointment of counsel *at this time* as at this early stage of litigation, Plaintiff appears able to adequately present his claims," but explained that the Court would consider a new motion for counsel if later developments established appointment as necessary. *Id.* (emphasis added) (citing *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993)).  As the Court has yet to perform its initial review the status of the case has not changed, therefore appointment of counsel is still premature. *See Chiras v.*

*Denver Det. Ctr.*, No. 20-CV-00669-GPG, 2020 WL 13754774, at *4 (D. Colo. July 30, 2020) (denying a plaintiff's motion to appoint counsel while the case is under initial review as premature).

Because Plaintiff has not asserted facts that would entitle him to relief under Rule 59(e) or 60(b), and as his motion is premature as this Court has yet to perform its initial review of Plaintiff's Complaint, Plaintiff's motion for reconsideration, Filing No. 18, is denied without prejudice to reassertion.

### III. Conclusion

Therefore, for the reasons set forth herein, it is ORDERED:

1.      The Plaintiff's motion for leave to amend his complaint, Filing No. 12, is **GRANTED**. Plaintiff shall have through and until **October 2, 2023**, to file a signed copy of his proposed Amended Complaint, Filing No. 13, in compliance with NECivR 15.(c). To that end, the Clerk of Court is directed to send to Plaintiff a copy of the Amended Complaint's signature page, Filing No. 13 at 42, which Plaintiff may sign and return to satisfy the Amended Complaint's signature requirement.

2.      Plaintiff's motion for leave to add additional parties, Filing No. 14, is **DENIED as moot**.

3.      The motion for temporary restraining order, Filing No. 15, and motion for reconsideration, Filing No. 18, are **DENIED without prejudice** to reassertion.

4.      The Clerk of Court shall set a pro se case management deadline using the following text: **October 2, 2023:** deadline to file signed amended complaint.

5.      Plaintiff is advised that, following his filing of a signed Amended Complaint, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's

claims to determine whether summary dismissal is appropriate under 28 U.S.C. §
1915(e)(2).  The Court will conduct this initial review in its normal course of business.


Dated this 1st day of September, 2023.


BY THE COURT:

Joseph F. Bataillon
Senior United States District Court