IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LUKE LEFEVER, | | |
| Plaintiff, | | **8:23CV187** |
| vs. | | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, in their Official and Individual capacities; SCOTT FRAKES, in their Official and Individual capacities;  DR. DEOL, in their Official and Individual capacities;  WARDEN WASAMER, in their Official and Individual capacities;  WARDEN GABLE,  in their Official and Individual capacities; CRUNSHANK, A.W., in their Official and Individual capacities; KEVIN WILKEN, P.L.I.O, in their Official and Individual capacities; SARA ALLEN, D.O.N., in their Official and Individual capacities; OLTROGGE, U.M., in their Official and Individual capacities;  DOMINO, U.M., in their Official and Individual capacities; SCHULTS, C.O., in their Official and Individual capacities;  DE LOS SANTOS, C.O., in their Official and Individual capacities; and  UNKNOWN POLICY WRITERS, in their Official and Individual capacities; | | **MEMORANDUM AND ORDER** |
| Defendants. | | |

This matter is before the Court on Plaintiff's motion for leave to supplement his

complaint to allow consideration by this Court of the factual allegations alleged in the

supplement along with those alleged in his operative complaint, Filing No. 27, his motion for service, Filing No. 29, a motion for restraining order and injunction, Filing No. 24, and a notice for hearing (which has also been filed as a motion) on the motion for restraining order and injunction, Filing No. 28.

Plaintiff's motion to supplement, Filing No. 27, is granted. The factual allegations contained in the supplement shall be considered along with the operative complaint on initial review by this Court.

Plaintiff's motion for service, however, is premature. This is so as while Rule 4 of the Federal Rules of Civil Procedure requires plaintiffs to serve each defendant with a summons and a copy of the complaint, "district courts cannot issue summonses in *in forma pauperis* prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 28 U.S.C. § 1915A(b)." *See Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) (citation omitted). Although the Court granted Plaintiff leave to proceed in forma pauperis, Filing No. 11, and the initial partial filing fee has been paid, *see* Text Entry dated June 15, 2023, the Court has not yet performed an initial review of the Complaint. As such, Plaintiff's motion for service, Filing No. 29, is denied without prejudice as premature.

Plaintiff also filed a motion for an emergency injunction and restraining order, seeking a restraining order and preliminary injunction to enjoin defendants Nebraska Department of Correctional Services, Director Jeffreys, Warden Boyd, and defendant Neujahr from the "denial of Constitutional Access to the Courts and Disability

Discrimination used as Retaliation and deprivation." Filing No. 24. He also moves this Court to hold a hearing on his motion for restraining order and injunction. Filing No. 28.

Preliminary injunctive relief is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Reviewing Courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24. To obtain a preliminary injunction, a plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id.* at 20.

Here, Plaintiff's Motion fails as while he argues that he is receiving unequal access to prison law facilities, he has not established any of the elements that would warrant preliminary injunctive relief. Additionally, this Court has not yet determined if this matter may proceed to service of process as an initial review of the Plaintiff's operative complaint has yet to be performed. For these reasons the Court will, therefore, deny Plaintiff's Motion for a temporary restraining order and preliminary injunction, Filing No. 24, and motion for hearing regarding the same, Filing No. 28, without prejudice.

The next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims as set forth in his complaint and supplement to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. The Court will conduct this initial review in due course.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motion to Supplement, Filing No. 27, is granted.

2.      Plaintiff's emergency motion for a temporary restraining order and preliminary injunction, Filing No. 24, his motion for a hearing on the temporary restraining order and preliminary injunction motion, Filing No. 28, and his motion for service, Filing No. 29, all are denied without prejudice.

3.      The case shall progress consistent with this Memorandum and Order.


Dated this 28th day of August, 2024.


BY THE COURT:

Joseph F. Bataillon
Senior United States District Court