IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER,<br><br>      Plaintiff,<br><br>  vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, in their Official and Individual capacities; A.W. CRUICKSHANK, in their Official and Individual capacities; KEVIN WILKEN, P.L.I.O, in their Official and Individual capacities; C.O. SCHULTS, in their Official and Individual capacities; and C.O. DE LOS SANTOS, in their Official and Individual capacities;<br><br>      Defendants. | **8:23CV187**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a second amended complaint on July 2, 2025. Filing 29. He is incarcerated within the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted,

or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

At the time of the events discussed in Plaintiff's second amended complaint, he was incarcerated at the Tecumseh State Correctional Institution (TSCI). Plaintiff sues NDCS, and the following TSCI employees: A,W.

Cruickshank,[1] Associate Warden; Kevin Wilken, Prison Litigation and Information Officer (PLIO); and Correctional Officers Schults and De Los Santos. Plaintiff alleges as follows.

## A. Lincoln County, Nebraska Lawsuit (Claims 1 and 3)

On March 20, 2021, Plaintiff sent an "Inmate Interview Request" (IIR) to Wilken, notifying him of a telephonic hearing scheduled for April 5, 2021, in Plaintiff's civil case against the State of Nebraska and the Nebraska State Patrol pending in the Lincoln County District Court, Case No. CI 20-781. Filing 39 at 2-3. As the PLIO for TSCI, Wilken was responsible for arranging and securing Plaintiff's attendance at all telephonic and video-conferencing court appearances. *Id*. at 1-2. Wilken confirmed the hearing was already on his calendar. *Id*. at 2.

On April 5, 2021, no one came to get Plaintiff so he could attend the hearing. As a result of Plaintiff's absence at the hearing, the court dismissed his motion. *Id*. at 2. By letter, Wilken acknowledged that he failed to make Plaintiff available at the hearing, explaining he called the clerk of the court shortly thereafter and was told the judge dismissed Plaintiff's motions during the hearing. *Id*. at 2.

On October 4, 2021, Plaintiff handed Schults a sealed envelope clearly marked legal mail to deliver to the mail room and send out the following day. Plaintiff explained the mailing was a Notice of Appeal and time sensitive, with a filing deadline of October 8, 2021. Schults knew Plaintiff was suing the State of Nebraska and NSP. Schults accepted the legal mail and assured Plaintiff it would be delivered to the mail room. But instead of doing so, she left the envelope on the SNF counter overnight. When Plaintiff emerged from his cell

---

[1] The Court has corrected the spelling of "Crunshank" to "Cruickshank."

the following day, he saw the envelope on the counter. When he confronted the issue, he was instructed to file a grievance.

The Lincoln County District Court received the notice of appeal on October 12, 2021. On October 20, 2021, Plaintiff received a notice from the Nebraska Court of Appeals stating his case was "dismissed as untimely."

On October 26, 2021, Plaintiff received a response to his grievance which stated his legal mail was sent in outgoing institutional mail on October 6, 2021. The response did not address the improper handling of legal mail at SNF housing unit. Plaintiff filed the second grievance and received no response. He requested a copy of the grievance to no avail.

On October 27, 2021, Plaintiff moved the Nebraska Court of Appeals to reconsider and reinstate the dismissal of his appeal, explaining the delay was out of his control. The Nebraska Court of Appeals directed Plaintiff to file a motion in the Lincoln County District Court. He did so on December 29, 2021. On February 1, 2022, Plaintiff received an "Order Spreading the Mandate" in Lincoln County District Court Case No. CI 20-781, which ended Plaintiff's civil action. Plaintiff alleges the negligence of NDCS and Schults violated his constitutional right of access to the courts and is part of a pattern of such denials. He further believes NDCS, Wilken, and Schults denied his access to the courts to make sure he did not prevail in a case against the State of Nebraska and NSP.

## B. Law Library Access (Claim 2)

Plaintiff could access typewriters and internet legal research tools only at the law library, and in 2021, he needed significant library time because he had two civil and two criminal cases pending, and without fingers, it was difficult to write notes of legal research and type. Prior to July 29, 2021, Plaintiff could use the general population law library for four hours every morning from Monday through Thursday.

Between July 29, 2021, and August 15, 2021, Plaintiff's access to a law library was limited to one hour a week. *Id.* at 3-4. Plaintiff filed a grievance. On August 31, 2021, the day after NDCS responded to the grievance, Cruickshank informed Plaintiff that the Skilled Nursing Facility (SNF) was now going to be classified as Protective Custody (PC), the prison's general population would not be allowed in the SNF, and Plaintiff would not be able to use the general population law library. Under the new structure, effective September 1, 2021, Plaintiff would need to use the PC law library. By restricting Plaintiff to the PC library hours, Plaintiff's library access was automatically cut in half, and the PC law library was typically not open even during those hours. This change in library access targeted Plaintiff because he was the only SNF inmate who used the library.

Plaintiff wrote another grievance complaining he needed more access to the law library due to his disabilities and pending active cases. In response, Cruickshank advised Plaintiff that effective September 20, 2021, his library access would be restored to the location and hours available before July 29, 2021. *Id.* at 4. But when Plaintiff returned to the general population law library on September 20, 2021, the librarian stated Cruickshank had limited Plaintiff's access to two hours a day, effectively limiting Plaintiff's access to half of what he had before. The librarian stated she would ask Cruickshank to restore Plaintiff's law library time to four hours a day, four days a week.

Plaintiff filed another grievance on September 20, 2021, complaining that his law library access was not fully restored. NDCS responded on October 20, 2021, stating, "If you still feel this is not enough time, you'll need to send your information to the librarian with your court cases and your additional request of time." *Id.* at 5. Plaintiff did so, but Cruickshank would not grant Plaintiff additional time to use the law library. Plaintiff alleges Cruickshank

5

engaged in disability discrimination by refusing to accommodate Plaintiff's disabilities and did so in retaliation for Plaintiff filing grievances. *Id*. at 4-5.

### C. Confiscated Book (Claim 4)

On September 28, 2021, De Los Santos confiscated a book from Plaintiff's incoming mail. The book was purchased by Plaintiff and entitled "Prisoner Self-Help Litigation Manual." When Plaintiff received the "Notice of Held Mail" from the NDCS mail staff, he immediately filed a grievance to obtain the book. He was offered two options: have it destroyed or donate it to the library.

### D. Ellis County, Kansas Lawsuit (Claim 5)

In early 2022, Plaintiff was the named defendant in a civil action filed in the District Court of Ellis County, Kansas. Plaintiff claimed the action was frivolous and he demanded attorney fees. On January 16, 2022, he received notice of a hearing scheduled for February 14, 2022, to consider his attorney fee request. Plaintiff sent an IIR with the accompanying Zoom meeting instructions to Wilken to schedule Plaintiff's attendance at the hearing, and he sent a letter to the District Court of Ellis County, Kansas detailing his intent to attend. However, Plaintiff did not attend the hearing because Wilken never showed up to bring him to the Zoom hearing location. As a result, the case was dismissed. Plaintiff immediately submitted a grievance. NDCS's response, received on April 8, 2022, stated Wilken denied receiving any IIRs from Plaintiff for attendance at court hearings.

Wilken consistently secures Plaintiff's attendance at criminal hearings, but not civil actions. Plaintiff believes NDCS and Wilken intentionally impeded and frustrated Plaintiff's access to the Kansas court. *Id*. at 3.

### E. Legal Mail Policy (Claim 6)

On April 18, 2022, NDCS changed its policy on handling privileged mail. Under the new policy, mail staff opens legal mail, makes copies on an unsecure portable copier machine, and then destroys the originals. Plaintiff believes the

new policy exposes his legal mail to mail staff and since NDCS' data storage is insufficiently secure, access by cyberattack. He submitted a grievance, claiming the policy change violates his Sixth Amendment right to counsel and the attorney-client privilege. He claims legal mail must be opened in front of the inmate, inspected for contraband, and then physically handed to the inmate. Plaintiff claims the new policy is over-reach and violates clearly established constitutional rights for no legitimate penological purpose.

### III. DISCUSSION

Plaintiff's claims have a common theme; i.e., they all have some relationship to participating in litigation. But Plaintiff raises no factual allegations "suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." *Duvall v. Sharp*, 905 F.2d 1188, 1189 (8th Cir. 1990) (citing *Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir. 1988)). So, even liberally construing the missed hearing and untimely appeal in the Lincoln County case (identified as Claims 1 and 3 in the second amended complaint) as properly joined, Plaintiff's complaint raises five incidents or complaints which do not arise from the same transaction or occurrence and do raise any question of law or fact common to all defendants. As such, they are improperly joined in this lawsuit. See Fed. R. Civ. P. 20. As stated in the Court's prior order:

> Plaintiff is cautioned that if his second amended complaint continues to include improperly joined claims, this Court will only screen the first properly joined set of claims and shall dismiss or sever the rest into a separate action or actions and assess individual filing fees for each severed case. *See Bailey v. Doe*, No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees).

Filing 33 at 28-29.

### A. Claims 1 and 3

Consistent with the Court's prior ruling, this memorandum will address only the first set of claims that are properly joined; that is the dismissal of his motion in the Lincoln County District Court, followed by the dismissal of his appeal of that case. As to this claim, Plaintiff has raised allegations against only the NDCS, Wilken, and Schults, and Plaintiff's claims against the remaining defendants, Cruickshank and De Los Santos must be dismissed.

### 1. Official Capacity Claims

Plaintiff requests an award of damages. As to the Lincoln County District Court case, he names NDCS, Wilken, and Schults, in their official or individual capacities, as defendants.

The State of Nebraska, and NDCS as an arm or agency of the State, are not subject to a suit for damages under § 1983. *Yanga v. Nebraska Dep't Corr. Servs.*, No. 8:19CV420, 2020 WL 4784723, at *2 (D. Neb. Aug. 18, 2020). Wilken, who allegedly failed to bring Plaintiff to his Lincoln County District Court hearing, and Schults, who allegedly failed to promptly mail the notice of appeal, are employees of the State of Nebraska. A suit against a public employee in his or her official capacity is a suit against the public employer. *Campbell v. State of Iowa, Third Judicial Dist. Dept. of Corr. Serv.*, 702 F.3d 1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims against Wilken and Schults, in their official capacities, are claims against the State of Nebraska.

Suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding the Eleventh Amendment bars suit against a state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (holding a suit brought solely against a state or state agency is proscribed by the Eleventh Amendment). And the Eleventh Amendment bars claims for

8

damages by private parties against state employees sued in their official capacities. See *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995); *Novascone v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV201, 2019 WL 6307565, at *2 (D. Neb. Nov. 25, 2019) (dismissing section 1983 suit for money damages against the NDCS director, in his official capacity, under Eleventh Amendment); *Reising v. Lewien*, No. 8:18CV352, 2019 WL 1585142, at *3 (D. Neb. Apr. 12, 2019) (holding section 1983 suit for money damages against unit administrator of CCC and OCC warden, in their official capacities, was barred by the Eleventh Amendment).

Therefore, Plaintiff's claims against NDCS, and Wilken and Schults, in their official capacities, must be dismissed as barred by the Eleventh Amendment.

### 2. Individual Capacity Claims

As to Wilken and Schults, in their individual capacity, the Court's prior opinion instructed Plaintiff "to prove actual injury resulting from an alleged lack of meaningful access to the courts, a plaintiff must 'demonstrate that a *nonfrivoulous* legal claim had been frustrated or was being impeded.'" *Id*. at 24 (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996) (emphasis added)). Plaintiff's second amended complaint, once again, "provides no information regarding the nature of case that was dismissed when Wilken allegedly failed to get Plaintiff to the hearing," (*id*.), or any facts indicating his attempted appeal nonfrivolous. Plaintiff has failed to state a claim against Wilken, in his individual capacity, regarding the missed Lincoln County District Court hearing, and Schults, who allegedly failed to mail his notice of appeal.

### B. Claims 2, 4, 5, and 6

Claims 2 (Library Access), 4 (Confiscated Book), 5 (Ellis County, Kansas lawsuit), and 6 (legal mail policy) were not properly joined and are subject to

9

dismissal or severance. As to each of these claims, the statute of limitations has expired. So, if the Court dismissed these claims, Plaintiff would be barred from pursuing them in newly filed lawsuits. If they are severed from this case into four separate lawsuits, they would be deemed filed as of July 2, 2023 and therefore not barred by the statute of limitations, but Plaintiff would be required to pay a filing fee of $405,00 (by installment payments form his trust account) for each of the four lawsuits. Under the circumstances, the decision of whether to dismiss or, in the alternative, to sever a claim into a separate lawsuit and incur the filing fee expense, should be made by Plaintiff. To be clear, Plaintiff can choose to pursue some of the four claims and dismiss others. So, as to each of Claims 2, 4, 5, and 6, Plaintiff must specifically advise the Court on whether he wants the claim dismissed or severed into a separate lawsuit with associated filing fees.

## C. Motion for Appointment of Counsel

Plaintiff has moved for appointment of counsel. Filing 34. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no current need to appoint counsel. As such, Plaintiff's motion for appointment of counsel will be denied without prejudice to reassertion. The Court will, however,

"continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims for denial of access to the court because of the missed hearing and untimely appeal of the Lincoln County case (identified as Claims 1 and 3 in the second amended complaint) fail to state a claim upon which relief may be granted. As to Plaintiff's remaining claims, Plaintiff will be required to notify the Court, as to each claim, whether the claim should be dismissed or severed into a separate lawsuit.

Accordingly,

IT IS ORDERED:

1. Claims 1 and 3 of Plaintiff's complaint are dismissed for failure to state a claim.

2. As to Claims 1 and 3, a separate judgment will be entered.

3. Plaintiff's motion for appointment of counsel, Filing 34, is denied.

4. The Clerk of Court shall change the Court's docket to correct the spelling of the defendant, A. W. Crunshank to A. W. Cruickshank

5. Plaintiff shall have until March 16, 2026, to file a motion to sever any of Claims 2, 4, 5, and 6 of his second amended complaint into separate lawsuits, each claim being assigned a separate case number and each requiring a $405 filing fee. If Plaintiff does not file a motion to sever on or before March 6, 2026, Claims 2, 4, 5, and 6 will be dismissed. If Plaintiff files a motion to

sever on or before March 16, 2026, the motion must identify, by claim number, each claim to be severed into a separate lawsuit. Any claim not timely identified to be severed will be dismissed.

Dated this 13th day of February, 2026.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge